**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TIMOTHY MCGARVEY AND HEATHER MCGARVEY,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WOLF LODGE, GREAT WOLF RESORTS, INC., et al.,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:24-cv-07103-KMW-SAK<br><br>**MEMORANDUM OPINION** |

APPEARANCES:

**Michael S. Di Croce, Esq.**
DI CROCE LAW OFFICE, P.C.
17 Stony Creek Court
Indian Mills, New Jersey 08088

    *Counsel for Plaintiffs*

**Heather M. Eichenbaum, Esq.**
Spector Gadon & Rosen, P.C.
1635 Market Street, 7th Floor
Seven Penn Center
Philadelphia, PA 19103

    *Counsel for Defendants*

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Motion to Dismiss ("MTD") (ECF No. 2) filed by defendants Great Wolf Lodge and Great Wolf Resorts, Inc. (collectively, "Defendants") seeking to dismiss plaintiffs Timothy McGarvey ("Mr. McGarvey") and Heather McGarvey's ("Mrs. McGarvey, collectively with Mr. McGarvey, "Plaintiffs") Complaint (ECF No. 1, Ex. A) for lack of personal jurisdiction, improper venue, failure to effectuate service of process, and failure to state

a claim upon which relief can be granted.[1] The Court, having reviewed the parties' submissions and considered the MTD without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendants' MTD and dismisses the Complaint without prejudice to Plaintiffs' ability to file a motion seeking leave to amend the Complaint.

## I.     BACKGROUND

In a complaint dated April 23, 2024, Plaintiffs allege that Mr. McGarvey "tripped and fell" in the parking lot of Defendants' resort, located in the Pocono Mountains. (ECF No. 1 at 6, ¶ 7). Plaintiffs allege that "Defendant left the parking lot in an unsafe condition without regard for Patron safety." (*Id.* ¶ 8). According to Plaintiffs, Mr. McGarvey tripped and fell as a result of Defendants' negligence "in the manner in which the said premises were constructed, maintained, repaired, operated, policed, supervised, or cleared of debris," causing Mr. McGarvey to suffer "serious injuries," "incur medical expenses," and the "loss of wages and other economic and non-economic expenses." (*Id.* ¶ 11).

On June 19, 2024, Defendant timely removed this action and simultaneously moved to dismiss for lack of personal jurisdiction, improper venue, failure to effectuate proper service, and failure to state a claim.[2] *See* Fed. Rv. Civ. P. 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5) and 12(b)(6).

In support of their untimely opposition to the instant motion, Plaintiffs submitted the sworn affidavit of Mrs. McGarvey.[3] Therein, Mrs. McGarvey claims that Plaintiffs received "unsolicited

---

[1] Defendants state that there is no such entity as "Great Wolf Lodge," which is the only entity that was allegedly served by Plaintiffs. (*See* ECF No. 2 at 14 n.1, 22-23, Ex B). Defendants nonetheless move on behalf of both entities alleged in Plaintiff's Complaint. (*Id.*)

[2] Plaintiffs served "Great Wolf Lodge" with the Complaint on May 29, 2024, through which Defendant Great Wolf Resorts, Inc. ("GWR") became aware of the filing. (ECF No. 2 at 47). Defendants' Notice of Removal was timely filed within thirty (30) days after receipt of the Complaint pursuant to 28 U.S.C. § 1446(b).

[3] As a preliminary matter, the Court notes that Plaintiffs' Opposition is untimely. Defendants filed the MTD on June 19, 2024, which was returnable on July 15, 2024. (*See* ECF No. 2). Plaintiffs' Opposition was due on July 1, 2024. (*Id.*) Plaintiffs did not file a request for an "automatic extension" pursuant to Local Civil Rule 7.1(d)(5), nor otherwise

2

advertisements everyday for the Great Wolf Lodge and offers for the Great [W]olf Lodge on Groupon." (McGarvey Decl. ¶ 1, ECF No. 5-1). Mrs. McGarvey states that Plaintiffs "discussed the fact of the many Facebook ads about Great Wolf Lodge, so we took it as a sign because I then lacked the knowledge I have now of how Facebook advertising works. They sell advertising based on location radius targeting our area of New Jersey." (*Id.* ¶ 2). Mrs. McGarvey further states that the "reimbursement" Plaintiffs seek "would have never amounted to more than $70,000." (*Id.* ¶ 6).

## II. STANDARD OF REVIEW

### a. Rule 12(b)(2)

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, sufficient facts to show that jurisdiction exists. *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001); *Weber v. Jolly Hotels*, 977 F. Supp. 327, 331 (D.N.J. 1997). "[I]t is well established that in deciding a motion to dismiss for lack of [personal] jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, "at no point may a plaintiff rely on the bare pleadings

---

request leave to file a late Opposition. Plaintiffs submitted their Opposition on July 9, 2024. (ECF No. 5). Thus, Plaintiffs' Opposition violates Local Civil Rule 7.1(d)(2). Despite these procedural deficiencies, the Court shall nonetheless consider Plaintiffs' untimely Opposition in addressing the merits of the MTD.

alone" to withstand a motion to dismiss for lack of personal jurisdiction—"[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Time Share Vacation Club*, 735 F.2d at 66.[4]

### b. Rule 12(b)(4) and 12(b)(5)

"Rules 12(b)(4) and 12(b)(5) respectively govern Defendant[s'] motion to dismiss for insufficient process and for insufficient service of pleadings." *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 121–22 (3d Cir. 2018) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). "Rule 4 of the Federal Rules of Civil Procedure, which governs service of process, requires plaintiffs to serve a summons and a copy of the complaint on each defendant." *Id.* (citing Fed. R. Civ. P. 4(c)(1)). The summons must satisfy the requirements of Rule 4(a)(1) and corporate defendants must be served consistent with Rule 4(h). *See id.* Among other conditions, Fed. R. Civ. P. 4(m) requires that service be effected within 90 days after the Complaint is filed.

### c. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the pleading and draw all reasonable inferences from those allegations in the light most favorable to the non-movant, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, a pleading must therefore contain sufficient factual matter, accepted as true, to "state a claim to relief that is

---

[4] "Courts may rely upon matters outside the pleadings to determine jurisdictional facts." *See DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

### III.   DISCUSSION

#### a.   Personal Jurisdiction

A district court must undertake a two-step inquiry to assess whether it has personal jurisdiction over a defendant. First, the court analyzes whether the state's long arm statute permits the exercise of personal jurisdiction. *See Miller Yacht Sales, Inc.*, 384 F.3d at 96 ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."); Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process." *WorldScape, Inc. v. Sails Capital Mgmt.*, Civ. 10–4207, 2011 WL 3444218 (D.N.J. Aug.5, 2011) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc.*, 155 F.3d at 259.

"Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus., Inc.*, 155 F.3d at 259 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction, only the latter of which is implicated in this case." *Warner v. Warner*, No. 23-3334-KMW-MJS, 2024 WL 1198112, at *2 n.4 (D.N.J. Mar. 20, 2024) (citing *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)). The exercise of personal jurisdiction over a non-resident defendant is proper if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326

5

U.S. 310, 316 (1945)). "Physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant." *IMO Indus., Inc.*, 155 F.3d at 259 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Instead, the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state, or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.*

"The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) 'the defendant must have purposefully directed [its] activities at the forum'; (2) 'the litigation must arise out of or relate to at least one of those activities'; and (3) if the first two requirements are met, the exercise of jurisdiction must 'otherwise comport[ ] with fair play and substantial justice.'" *E. Concrete Materials, Inc. v. Jamer Materials Ltd.*, 2019 WL 6734511, at *2 (D.N.J. Oct. 25, 2019), *R & R adopted*, No. 19-9032, 2019 WL 6726476 (D.N.J. Dec. 10, 2019) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)). In *Boily v. Walt Disney World Co.*, No. 08-4967, 2009 WL 1228463, at *6 (D.N.J. May 1, 2009), the court addressed whether it could exercise personal jurisdiction over the Walt Disney World Co. in this district based on the allegation that the plaintiff purchased his ticket from Disney Destinations, which the plaintiff erroneously contended operated under the same corporate structure as the Walt Disney World Co. *Id.* at *5. The court reasoned that a "customer's option to buy" tickets from a third-party in New Jersey does not provide "legal grounds upon which to impute" the ticketing entities' contacts with the forum state to the defendant for purposes of establishing purposeful

availment. *Id.* at *6.[5] Thus, the court found the plaintiff failed to meet its burden of establishing personal jurisdiction over the Walt Disney World Co. *Id.*

"The cases that have addressed the relationship between the Internet and personal jurisdiction 'reveal[ ] that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Weber*, 977 F. Supp. at 333 (quoting *Zippo Manuf. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1996)). "The cases dealing with this issue can be divided into three categories." *Id.* "The first category includes cases where defendants actively do business on the Internet." *Id.* "In those instances, personal jurisdiction is found because defendants 'enter[ ] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet.'" *Id.* (quoting *Zippo Manuf. Co.*, 952 F.Supp. at 1124). "The second category deals with situations 'where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.'" *Id.* (quoting *Zippo Manuf. Co.*, 952 F.Supp. at 1124). "The third category involves passive Web sites; *i.e.*, sites that merely provide information or advertisements to users." *Id.* "Districts courts do not exercise jurisdiction in the latter cases because 'a finding of jurisdiction . . . based on an Internet web site would mean that there would be nationwide (indeed, worldwide) personal jurisdiction over anyone and everyone who establishes an Internet web site. Such nationwide jurisdiction is not consistent with traditional personal jurisdiction case law." *Id.*

---

[5] The court in *Boily* also noted the Third Circuit has held that "the placement of advertisements in the *New York Times* and the *Wall Street Journal* did not subject a non-resident medical school to personal jurisdiction in Pennsylvania, even though the newspapers were circulated throughout Pennsylvania." *Id.* at *6 (citing *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985)).

Here, Plaintiffs acknowledge that "Plaintiff bears the burden of satisfying the first two prongs of the test [to determine if a website is active or passive], and if he succeeds, the burden shifts to Defendant to present a compelling case that the exercise of jurisdiction would be unreasonable." (ECF No. 5 at 10). Yet Plaintiffs do not make any arguments in their Opposition as to which category of internet activity this case falls into, nor are there any allegations in Plaintiffs' Complaint regarding whether Defendants' website is allegedly "passive" or "active." (*See generally* ECF Nos. 1, 5). Moreover, in response to the instant motion, Plaintiffs submitted a short affidavit from Mrs. McGarvey asserting that they received "unsolicited advertisements everyday for the Great Wolf Lodge and offers for the Great [W]olf Lodge *on Groupon*." (McGarvey Decl. ¶ 1, ECF No. 5-1 (emphasis added)). The affidavit further asserts that Plaintiffs "discussed the fact of the many *Facebook* ads about Great Wolf Lodge, so we took it as a sign because I then lacked the knowledge I have now of how Facebook advertising works. They sell advertising based on location radius targeting our area of New Jersey." (*Id.* ¶ 2 (emphasis added)).

Notably, Plaintiffs do not assert that this Court should find Defendants have minimum contacts with New Jersey based on *Defendants'* website. Rather, Plaintiffs allege that advertisements on Facebook and Groupon's websites give rise to jurisdiction over Defendants.[6] The Court thus finds that this case falls into the third category where "Defendant placed information about its hotels on the Internet as an advertisement, not as a means of conducting business." *Weber*, 977 F. Supp. at 333. In such instances, courts have repeatedly held "that exercising jurisdiction over a defendant who merely advertises its services or product on the

---

[6] In their Opposition brief, Plaintiffs also argue that "Great Wolf Lodge sent [Plaintiffs] and their adult daughter, all of which have been New Jersey residents their entire lives, *hundreds of emails, advertisements, and special offers*." (ECF No. 5 at 2 (emphasis added)). However, as counsel's assertion that Defendants sent Plaintiffs "hundreds of emails" is not supported by Plaintiffs' supporting affidavits or other competent evidence in the record, the Court declines to consider that assertion herein.

Internet would violate the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Hearst Corp.*, 1997 WL 97097, at *1). Moreover, the Court rejects Plaintiffs' invitation to impute to Defendants the contacts of a third-party ticket distributor such as Groupon. *See Boily*, 2009 WL 1228463, at *6.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Grimes v. AT&T Corp.*, No. 15-8466, 2017 WL 111306, at *3 (D.N.J. Jan. 9, 2017) (quoting *Toys "R" Us, Inc., Step Two, S.A.*, 318 F.3d at 456). Here, however, Plaintiffs do not request jurisdictional discovery in opposing Defendants' motion. Notably, Plaintiffs do not assert that they are unable to establish personal jurisdiction because the necessary information is not within their possession. Indeed, it appears that the basis for personal jurisdiction that Plaintiffs assert—certain advertisements that Plaintiffs received from third-parties such as Groupon and Facebook—are uniquely within Plaintiffs' possession.

Accordingly, the Court will grant Defendants' MTD and dismiss the Complaint without prejudice to Plaintiffs' ability to file a motion seeking leave to amend the Complaint.

### b. Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss Plaintiffs' Complaint for failure to state a claim, however, "if personal jurisdiction is absent, the court is powerless to address the merits of the Rule 12(b)(6) motion." *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 214 (D.N.J. 2020). Accordingly, having found that Plaintiffs have failed to satisfy their burden of establishing by a preponderance of the evidence that this Court may exercise personal jurisdiction over Defendants, the Court will not address Defendants' Rule 12(b)(6) motion. *See id.*

### c. **Motion to Dismiss for Ineffective Service of Process**

Defendants also move to dismiss for failure to effectuate proper service pursuant to Fed. R. Civ. P. 12(b)(5). (ECF No. 2 at 22). Defendants argue that Plaintiffs erroneously served a copy of their Complaint on "Great Wolf Lodge," rather than Defendant, "Great Wolf Resorts, Inc." (ECF No. 2 at 22-23). The Court further observes that the Summons issued to Defendants is addressed to "Virtua Hospital," rather than Defendants. (ECF No. 2 at 47).

Plaintiffs do not substantively address Defendants' argument as to service of process, offering only the conclusory assertion that "Defendants were properly served at their place of business with an adult corporate representative pursuant to the Federal Rules of Civil Procedure and New Jersey Superior Court." (ECF No. 5 at 10). Indeed, the record is bereft of any indication that Plaintiffs properly served Defendant Great Wolf Resorts, Inc. "a summons and a copy of the complaint" within 90 days of their initial filing as required by Fed. R. Civ. P. 4(c)(1) and 4(m).[7] *See Gabros*, 724 F. App'x at 121–22.

Accordingly, the Court finds that Plaintiffs have failed to meet their burden of demonstrating proper service of process pursuant to Fed. R. Civ. P. 12(b)(5).

---

[7] Even where good cause "for a plaintiff's failure to effect timely service" does not exist, the Court may in its discretion extend the time for service of process. *See Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). Here, the Court finds that good cause does not exist because Plaintiffs have not demonstrated reasonable efforts to timely serve the appropriate entity and have not sought an enlargement of time to effect proper service. *See id.* In deciding whether to grant a discretionary extension of time absent good cause, the Court may consider "actual notice of the legal action[,] prejudice to the defendant[,] the statute of limitations on the underlying causes of action[,] the conduct of the defendant[,] and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U.S. Small Bus. Administration*, 331 F. App'x 113, 116 (3d Cir. 2009). Here, while Defendants concede that they received a copy of the Complaint on May 20, 2024, and do not assert that they are precluded from defending the case on the merits as a result of Plaintiffs' failure to effect timely service, Plaintiffs do not argue for a discretionary extension of time to serve Defendants and, as previously noted, have not established good cause for their failure to do so. Accordingly, the Court finds that a discretionary extension for service is inappropriate here.

### d. **Improper Venue**

Finally, the Court determines whether venue is proper in New Jersey.[8] This Court concludes that it is not. 28 U.S.C. § 1391(b) establishes that in any civil action wherein jurisdiction is based solely on diversity of citizenship, as here, venue is only proper (except as otherwise provided by law) in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue under 28 U.S.C. § 1391, a defendant that is a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c). Here, Defendant Great Wolf Resorts, Inc. ("GWR") resides in Delaware, Wisconsin and Illinois. It is undisputed that Defendant GWR is incorporated under the laws of Delaware and maintains its

---

[8] Although "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue . . . a court may reverse the normal order of considering personal jurisdiction and venue." *O'Donnell v. Sheraton Minneapolis W.*, No. 19-18615, 2020 WL 889025, at *1 (D.N.J. Jan. 28, 2020). Doing so is appropriate where the parties agree that transfer of venue pursuant to 28 U.S.C. § 1406(a) is available. Here, as the parties have not indicated agreement as to an alternate forum, the Court declines to consider the question of venue before personal jurisdiction. However, the Third Circuit has stated that where venue is challenged, "a district court that lacks personal jurisdiction must at least consider a transfer." *E. Coast Storage Equip. Co. v. ZF Transmissions Gray Ct., LLC*, No. CV 20-12414 (FLW), 2021 WL 2134952, at *6 (D.N.J. May 26, 2021) (quoting *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020)).

11

principal place of business in Wisconsin. (*See* ECF No. 1). As discussed above, Plaintiffs have not established that this Court has personal jurisdiction over Defendants and thus that Defendants "reside" in New Jersey for purposes of 28 U.S.C. § 1391. Therefore, venue is improper in New Jersey pursuant to subsection (1).

With respect to venue pursuant to subsection (2), this inquiry turns on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. "Whether a defendant has sufficient contacts with a particular district, establishing personal jurisdiction over the defendant, is not relevant to the Court's analysis of proper venue." *Boily*, 2009 WL 1228463, at *7 (citing *Goldlawr, Inc. Heiman*, 369 U.S. 463, 466 (1962)). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Id.* (quoting *Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 295 (3d Cir. 1994)). Here, Mr. McGarvey sustained his alleged injuries on the premises of GWR— a Pennsylvania property owned and operated by GWR. (*See* ECF No. 1, Ex. A). Plaintiffs' Complaint contains no allegations concerning any events that took place in New Jersey. (*See generally* ECF No. 1, Ex. A). Nor does Mrs. McGarvey's Affidavit indicate that any events giving rise to the claim occurred in this district. Accordingly, this Court is satisfied that a "substantial part" of the events giving rise to the claim did not occur in New Jersey, but in Pennsylvania.

Finally, this Court is satisfied that venue is not established in New Jersey under subsection (3) of § 1391(a). As Defendants have conceded that GWR is a citizen of Delaware and Wisconsin subject to personal jurisdiction in those districts, this action may have been properly brought in Delaware or Wisconsin where GWR resides. (*See* ECF No. 2, ¶ 23). Additionally, as a "substantial part" of the alleged injury occurred at GWR's premises in Pennsylvania, the action may have been

properly brought in the Eastern District of Pennsylvania. (*See* ECF No. 1, Ex. A). Therefore, subsection (3) does not support venue in New Jersey. *See Boily*, 2009 WL 1228463, at *7.

In sum, this Court finds that venue in this district is not proper pursuant to 28 U.S.C. § 1391. Pursuant to § 1406(a), the Court may transfer the instant action in lieu of dismissal in the interest of justice, "however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr*, 369 U.S. at 466. "Transfer is generally more in the interest of justice than dismissal." *Boily*, 2009 WL 1228463, at *8 (quoting *CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co.*, 650 F.Supp. 57, 60 (D. Vi. 1986)). Here, however, Plaintiffs also argue that they originally filed in state court "due to the damages not reaching $75,000." (ECF No. 5 at 10). Mrs. McGarvey's affidavit further states that the "reimbursement" Plaintiffs seek "would have never amounted to more than $70,000." (ECF No. 5-1 at 1, ¶ 6). While these representations presented in Plaintiffs' opposition to the instant motion are insufficient to remand the matter to state court, they suggest that any federal court to which the matter is transferred may ultimately lack subject matter jurisdiction.

Accordingly, the Court finds that transfer is not in the interests of justice. Rather, the Court will dismiss Plaintiffs' Complaint without prejudice, and afford Plaintiffs the opportunity to move to amend their Complaint to address the deficiencies identified in this Opinion.

### IV. <u>CONCLUSION</u>

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED**. An order consistent with this Opinion will be entered.

Dated: January 10, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

13