<u>**NOT FOR PUBLICATION**</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| TIMOTHY MCGARVEY AND HEATHER MCGARVEY,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WOLF LODGE, GREAT WOLF RESORTS, INC., *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:24-cv-07103-KMW-SAK<br><br>**MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiffs Timothy McGarvey and Heather McGarvey's ("Plaintiffs") Motion for Leave to Amend (ECF No. 9) and Motion to Transfer Venue (ECF No. 10); Defendants Great Wolf Lodge and Great Wolf Resorts, Inc.'s ("Defendants") opposition thereto (ECF Nos. 11-12); and Plaintiffs' reply (ECF No. 13).

**WHEREAS,** this Court dismissed Plaintiffs' Complaint without prejudice on June 19, 2024 for lack of personal jurisdiction over Defendants (ECF Nos. 7-8); and

**WHEREAS,** pursuant to Fed. R. Civ. P. 15, "a party may amend its pleading once as a matter of course within:  (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"; and

**WHEREAS,** Plaintiffs' Motion for Leave to Amend was filed on January 30, 2025 (ECF No. 9), which is not within the 21-day period within which Plaintiffs may amend their pleading as a matter of course, *see* Fed. R. Civ. P. 15; and

**WHEREAS**, Fed. R. Civ. P. 15(a)(2) required Plaintiffs to obtain the opposing parties' consent or leave of Court to amend their Complaint; and

**WHEREAS**, Defendants oppose Plaintiffs' Motion for Leave to Amend (*see* ECF No. 11); and

**WHEREAS**, Plaintiffs have failed to comply with Local Civil Rule 15.1(a)(2) by failing to attach "a form of the amended pleading that indicates in what respects it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be added," L.Civ.R. 15.1(a)(2); and

**WHEREAS**, Plaintiffs' "motion may be denied on this procedural defect alone," *Bonds v. NJ Judiciary Admin. of the Ct.*, No. CV 19-18983, 2024 WL 2091119, at *4 (D.N.J. May 9, 2024); *see also K.K-M v. New Jersey Dep't of Educ.*, Civ. No. 17-11579, 2020 WL 6817506, at *6 (D.N.J. Nov. 20, 2020) (finding Local Civil Rule 15.1 "is not simply a nicety that can be disregarded by parties at a whim"—"[i]t serves an important purpose."); *A.B. v. Vineland Bd. of Educ.*, Civ. No. 17-11509, 2019 WL 2354609, at *5 (D.N.J. June 4, 2019) (dismissing claim because plaintiff "did not properly indicate how the Amended Complaint differs from her original one" as required by Local Civil Rule 15.1); and

**WHEREAS**, in assessing a motion to transfer venue, the Court is required to conduct a two-step analysis by first determining whether the requested transferee venue is one where the action "might have been brought," and then determining "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum[.]" *Care One, LLC v. Nat'l Lab. Rels. Bd.*, 680 F. Supp. 3d 540, 544 (D.N.J. 2023); *see* 28 U.S.C. § 1404; and

2

**THE COURT FINDING** that, because Plaintiffs' original Complaint was dismissed without prejudice for lack of personal jurisdiction, (ECF Nos. 7-8), and Plaintiffs have not yet obtained leave of Court to file an amended complaint, there is no operative complaint pending for which the Court may conduct the required two-step analysis to determine whether transfer is appropriate, *see Care One, LLC*, 680 F. Supp. 3d at 544; *see* 28 U.S.C. § 1404;

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS HEREBY on this ___ day of **August**, 2025,

**ORDERED** that Plaintiffs' Motion for Leave to Amend (ECF No. 9) is **DENIED**; and further

**ORDERED** that to the extent Plaintiffs' wish to maintain their action, absent the Defendants' consent, Plaintiffs shall file a renewed motion for leave to amend compliant with L.Civ.R. 15.1 within thirty (30) days of this Memorandum Opinion and Order; and further

**ORDERED** that Plaintiffs' Motion to Transfer Venue (ECF No. 9) is **DENIED as moot**, without prejudice to Plaintiffs' ability to file a renewed motion to transfer venue upon the filing of an active amended complaint with Defendants' consent or the Court's leave pursuant to Fed. R. Civ. P. 15(a)(2).

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3