<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| TIMOTHY MCGARVEY AND HEATHER MCGARVEY,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WOLF LODGE, GREAT WOLF RESORTS, INC., *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 1:24-cv-07103-KMW-SAK<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of plaintiffs Timothy McGarvey and Heather McGarvey's (collectively, "Plaintiffs") First Motion for Leave to Amend. (Dkt. No. 15.) Defendants Great Wolf Lodge and Great Wolf Resorts, Inc.'s (collectively, "Defendants") oppose the motion. (Dkt. No. 20.) For the reasons that follow, Plaintiffs' Motion for Leave to Amend is **GRANTED**.

### I.    BACKGROUND

The facts and procedural history of this case have been detailed at length in this Court's previous Opinions. (*See* Dkt. Nos. 7, 14.) Accordingly, this Memorandum Opinion and Order will focus on the details pertinent to the pending motion.

By way of background, this action arises out of Plaintiff Tomothy McGarvey's ("Mr. McGarvey") slip-and-fall at a resort in Scotrun, Pennsylvania doing business as "Great Wolf Lodge." (*See generally* Compl., Dkt. No. 1.) On January 10, 2025, this Court dismissed Plaintiffs' Complaint for improper venue, failure to effectuate proper service, and lack of personal jurisdiction over Defendant Great Wolf Resorts, Inc. (*See* Dkt. No. 7.) Thereafter, Plaintiffs sought

leave to amend and transfer to the Eastern District of Pennsylvania, which this Court denied because the premises where the injury occurred is located in the Middle District of Pennsylvania and Plaintiffs failed to comply with Local Civil Rule 15.1, frustrating the Court's ability to assess the appropriate venue to transfer the case for want of jurisdiction pursuant to 28 U.S.C. § 1631. (*See* Dkt. No. 14.)

On September 24, 2025, Plaintiffs filed the instant Motion for Leave to Amend, which included a proposed amended complaint ("Proposed Amended Complaint") in compliance with Local Civil Rule 15.1. (Dkt. No. 15.) Defendants opposed the motion, arguing that the proposed amendments are futile because they fail to remedy the jurisdictional deficiencies identified in the Court's prior opinion, that venue remains improper, that Plaintiffs have failed to effectuate proper service of process on Defendants, and that Plaintiffs cannot add a new Defendant, Great Wolf Lodge at the Poconos, LLC, past the expiration of the statute of limitations. (*See* Opp. Br. at 8-14.)

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Supreme Court has cautioned that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. *Id.*; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.

### III.   DISCUSSION

#### a.   Motion for Leave to Amend

##### i.   Amendment to Correct Misnomer

Plaintiffs seek to correct the name of Defendant "Great Wolf Lodge" to "Great Wolf Lodge of the Poconos, LLC." (*See* Proposed Amended Compl. ¶ 11, Dkt. No. 15-3.) Defendants assert that Great Wolf Lodge of the Poconos, LLC is "an entirely new defendant never before even mentioned by the plaintiffs." (Opp. Br. at 6.) Defendants argue that the Court should deny Plaintiff's request for leave to amend because it seeks "to add a never-before mentioned defendant almost seventeen (17) months after expiration of the applicable statute of limitations." (*Id.* at 10.)

"Under certain conditions, Federal Rule of Civil Procedure 15(c) provides for relation back, *i.e.*, permitting an amended pleading to relate back to the date of the original complaint." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 352-53 (3d Cir. 2004). Federal Rule of Civil Procedure 15(c)(1)(C) "permits relation back when an amendment to a pleading 'changes the party or the naming of the party against whom a claim is asserted.'" *Moore v. Walton*, 96 F.4th 616, 623 (3d Cir. 2024) (quoting Fed. R. Civ. P. 15(c)(1)(C)). "[T]hree requirements must be satisfied" for Rule 15(c)(1)(C) to apply. *Id.* First, "the claim against the newly added defendant must arise 'out of the conduct, transaction, or occurrence set out . . . in the original pleading.'" *Id.* Second, "the newly named party must have 'received such notice of the action that it will not be prejudiced in defending on the merits.'" *Id.* Third, "the newly named party must have or should have known that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.* Additionally, "the second and third requirements must be satisfied 'within the period provided by Rule 4(m) for serving the summons and complaint." *Id.* (citation omitted).

Here, the Court finds that the requirements of Federal Rule of Civil Procedure 15(c)(1)(C) are satisfied. Plaintiffs' proposed amendments concerning Great Wolf Lodge of the Poconos, LLC seek to change "the naming of the party against whom their claim was initially asserted," *i.e.*, Defendant Great Wolf Lodge. *See Moore*, 96 F.4th at 623. First, Plaintiffs' claims against Great Wolf Lodge of the Poconos, LLC arise out of the same slip-and-fall negligence claim that Plaintiffs initially asserted against Great Wolf Lodge.

Second, Great Wolf Lodge of the Poconos, LLC will not be prejudiced in defending the merits of the action. "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). The notice must be more than notice of the event which gave rise to the cause of action— there must have been notice that the plaintiff commenced the action. *Id.* (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 n.12 (3d Cir. 1989)). "In the Third Circuit, a prospective defendant is held to have received constructive notice of an action under either the shared attorney or identity of interest method." *In re Zhejiang Topoint Photovoltaic Co., Ltd.*, 651 B.R. 477, 497 (Bankr. D.N.J. 2023) (citing *Singletary*, 266 F.3d at 196).

To determine whether the identity of interest method applies, courts look to whether "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* (citing *Singletary*, 266 F.3d at 197). "Courts have found an identity of interest when the defendants have an overlap in personnel or share a common business identity." *Id.*(citing *In re Joey's Steakhouse*, 474 B.R. 167, 180 (Bankr. E.D. Pa. 2012) (finding identity of interest because one of the named defendants

4

was a principal of the prospective defendant)); *see also In re MBC Greenhouse, Co.*, 307 B.R. 787 (Bankr. D. Del. 2004) (holding identity of interest between named and prospective defendants because they had a parent or subsidiary relationship and corporate officers in common).

Here, the Proposed Amended Complaint alleges that Defendant Great Wolf Resorts, Inc. is the parent of Great Wolf Lodge of the Poconos, LLC, and that the entities own and operate the resort where Plaintiff's injury occurred. Defendant Great Wolf Resorts, Inc. acknowledges that it received a copy of the Complaint on May 20, 2024. (Dkt. No. 20-2 at 13.) The Complaint alleges that Great Wolf Resorts, Inc. and an entity named "Great Wolf Lodge" owned and operated a waterpark resort doing business as "Great Wolf Lodge" in Scotrun, Pennsylvania, which were liable for a slip-and-fall that happened on their premises. Plaintiffs also attached to their Proposed Amended Complaint Great Wolf Lodge of the Poconos, LLC's annual filing with the Pennsylvania Department of State showing that the Chief Executive Officer of Great Wolf Resorts, Inc., John Murphy, is also President of Great Wolf Lodge of the Poconos, LLC. (*See* Dkt. No. 18 at 2.)

Plaintiffs have also submitted an affidavit of service demonstrating that the Complaint was delivered to Great Wolf Lodge of the Poconos, LLC on May 20, 2024 and described the injury that took place on its premises. (*See* Dkt. No. 19 at 3.) Thereafter, Defendant Great Wolf Resorts, Inc.'s counsel filed motions and participated in this lawsuit on behalf of the improperly named "Great Wolf Lodge," notwithstanding the technical defects in service or misnaming of Great Wolf Lodge of the Poconos, LLC as "Great Wolf Lodge." *See Singletary*, 266 F.3d at 195. Thus, the Court finds that Great Wolf Lodge of the Poconos, LLC will not be prejudiced in defending the merits of the action because it had constructive notice of the litigation.

Third, the Court finds that Great Wolf Lodge of the Poconos, LLC must have or should have known "but for a mistake" made by Plaintiff that this action would have been brought against

it in the first place. *See id.* The Complaint asserts claims of negligence arising from unsafe conditions at "Great Wolf Lodge," a waterpark resort located in Scotrun, Pennsylvania. As previously stated, Great Wolf Lodge of the Poconos, LLC does business under the name "Great Wolf Lodge," and operates a waterpark resort at the same location described in the Complaint and Summons that it received on May 24, 2024—which occurred within the 90-day period provided by Rule 4(m). *See Moore*, 96 F.4th at 623.

Accordingly, the Court finds that Plaintiffs proposed amendment to correct the legal name of Great Wolf Lodge of the Poconos, LLC relates back to the original Complaint pursuant to Fed.R.Civ.P. 15(c) and is thus permissible.

### ii.  Futility

Defendants argue that granting leave to amend would be futile because: (1) this Court does not have personal jurisdiction over Defendants; (2) defective service of process; and (3) this venue is improper. (*See* Opp. Br. at 8-14.) But, as Defendants point out, "[t]he futility analysis on a motion to amend is essentially the same as a *Rule 12(b)(6)* motion." (*Id.* at 9 (emphasis added) (quoting *Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC*, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014).)

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. None of Defendants' arguments concern the legal sufficiency of the amendments, instead focusing solely on the procedural defects related to personal jurisdiction, service, and venue. Even if the amendment does not cure personal jurisdiction in this Court, it is not futile because the amended pleading would be viable in a transferee forum and may be transferred in the interest of justice. *See* 28 U.S.C. § 1631. Indeed, "a district court that lacks personal jurisdiction must at least consider

a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). In assessing the legal sufficiency of the proposed amendments, this Court discerns no reason to find that granting Plaintiffs leave to file the Proposed Amended Complaint is futile.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend (Dkt. No. 15) its Complaint.

### b. Transfer

Pursuant to 28 U.S.C. § 1631, this Court may *sua sponte* transfer this action where it finds that it lacks jurisdiction over the defendants. *See Danziger & De Llano*, 948 F.3d at 132 (observing that a district court "may transfer a case at the parties' request or *sua sponte*" under Section 1631). Section 1631 states that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time filed." 28 U.S.C. § 1631. "The 'interest of justice' requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action." *Rinaldi v. FCA US LLC*, No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) (citation omitted).

The Court previously found that Plaintiffs failed to establish that this Court may exercise general or specific personal jurisdiction over Defendant Great Wolf Resorts, Inc. (*See generally* Dkt. No. 7.) Plaintiffs' Proposed Amended Complaint does not remedy those deficiencies. For the same reasons, the Court finds that it lacks personal jurisdiction over Defendant Great Wolf Lodge of the Poconos, LLC. Having determined that personal jurisdiction is lacking, the Court must consider whether to transfer this dispute for want of jurisdiction pursuant to 28 U.S.C. § 1631.

Plaintiffs' Proposed Amended Complaint arises from an injury that allegedly took place at a waterpark resort in Scotrun, Pennsylvania owned and operated by Defendants. (Proposed

Amended Compl. ¶ 34.) Plaintiffs further allege that Defendants were engaged in an ongoing construction project on that resort's premises that caused rock and debris to wash down to a walkway, which Mr. McGarvey slipped and fell on. (*Id.* ¶ 21-26.) In support of these allegations, Plaintiffs have attached to their Proposed Amended Complaint a press release from Defendant Great Wolf Resorts, Inc. touting the completion of a $125 million construction project at the premises where Mr. McGarvey was injured, which Plaintiffs allege created the unsafe condition giving rise to their negligence claim. (*See id.*, Ex. D.)

The press release states that "Great World Resorts, Inc. owns and operates North America's largest family of indoor water park resorts," and that "the company has locations in," among other places, the Poconos mountains. (*Id.*, Ex. D.) Defendants only response is contained in a footnote that argues, without elaboration, that "Great Wolf Resorts, Inc. is not subject to jurisdiction in Pennsylvania any more than it is subject to jurisdiction in New Jersey, which only further establishes the futility of the requested amendment of the Complaint." (Opp. Br. at 9 n.8.) Plaintiffs' Proposed Amended Complaint further alleges that Great Wolf Lodge of the Poconos, LLC is engaged in continual business at this location, as evidenced by its annual filings with the Pennsylvania Department of State. (Proposed Amended Compl. ¶ 16, Ex. C.) Thus, the record shows this action could have been brought in the Middle District of Pennsylvania and thus, the Court will consider a transfer thereto. *See Amber Coulter v. National Tenant Network*, No. 24-6798, 2026 WL 836465, at *9 (D.N.J. Mar. 26, 2026).

Having identified the Middle District of Pennsylvania as a forum with personal jurisdiction over Defendants, the Court must determine whether a transfer is in the interests of justice. *See* 28 U.S.C. § 1631. Here, the Court finds that the "interest of justice" standard is satisfied because Plaintiffs' claims would be barred by the applicable statute of limitations if the Court were to

8

dismiss them rather than transfer this action to a Court with jurisdiction over the dispute. *See Amber Coulter*, 2026 WL 836465, at *9. The Court previously declined to transfer this case because Plaintiffs submitted affidavits regarding the amount in controversy which suggested no other federal jurisdiction would have subject matter jurisdiction over the dispute. (*See* Dkt. No. 7 at 13.) Plaintiffs' Proposed Amended Complaint remedies this deficiency, specifically alleging that "the amount in controversy exceeds $75,000." (Proposed Amended Compl. ¶ 1, Dkt. No. 15-2.) However, Plaintiffs' Proposed Amended Complaint does not adequately allege the citizenship of Plaintiffs or Great Wolf Lodge of the Poconos, LLC.

Plaintiffs allege that they reside in New Jersey, but do not allege they are citizens or domiciliaries of New Jersey. *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")). The natural person must be domiciled in the state and a citizen of that state. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

Plaintiffs also allege that Great Wolf Lodge of the Poconos, LLC is "registered as a foreign LLC in that state of Pennsylvania." (Proposed Amended Compl. ¶ 15.) The citizenship of an LLC is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.").

Accordingly, the Court will require the Parties to show cause why an Order should not be entered transferring this case to the Middle District of Pennsylvania. In response, Plaintiffs shall

9

submit a diversity disclosure statement stating Plaintiffs' state of domicile and citizenship. The Court notes that Defendant Great Wolf Resorts, Inc. has already submitted a diversity disclosure statement establishing its states of citizenship. Following service of the Amended Complaint, Defendant Great Wolf Lodge of the Poconos, LLC shall submit a diversity disclosure statement fully listing all its members and their respective citizenship, including the citizenship of any LLC that is a member. *See Zambelli Fireworks MFG. Co.*, 592 F.3d at 420.

## IV.    CONCLUSION

Having considered the submissions of the Parties, and for all the foregoing reasons,

IT IS this 30th day of April 2026, hereby:

**ORDERED** that Plaintiffs' Motion for Leave to Amend (Dkt. No. 15) is **GRANTED**; and further

**ORDERED** that Plaintiffs shall submit a Diversity Disclosure Statement within seven (7) days stating their respective states of citizenship; and it is further

**ORDERED** that Plaintiffs shall file their Amended Complaint within seven (7) days of entry of this Order; and it is further

**ORDERED** that Plaintiffs shall serve the Amended Complaint and this Order on Defendants within twenty-one (21) days of the filing of the Amended Complaint; and it is further

**ORDERED** that, within fourteen (14) days of service of the Amended Complaint, Defendant Great Wolf Lodge of the Poconos, LLC shall file a Diversity Disclosure Statement setting forth its citizenship, which is determined by stating the citizenship of all of its members; and it is further

**ORDERED** that, because this Court finds that it lacks personal jurisdiction over Defendants, the Parties are **ORDERED to SHOW CAUSE**, within forty-five days of this Order, why the Court should not transfer this case to the Middle District of Pennsylvania; and further

**ORDERED** that Defendants' time to file a response to the Amended Complaint shall be **TOLLED** pending resolution of the foregoing **ORDER TO SHOW CAUSE** and any subsequent transfer for want of jurisdiction.

Dated: April 30, 2026

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

11